UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

J.O.B INVESTMENTS, LLC                CIVIL ACTION

VERSUS                                NO: 12-2100

GOOTEE SERVICES, LLC, ET AL.          SECTION: R

**ORDER AND REASONS**

Before the Court are plaintiff J.O.B Investments, LLC's motion to remand[1] and defendant Travelers Indemnity Company of America's motion to sever,[2] which is joined by defendant Mount Hawley Insurance Company.[3] Because the Court finds that plaintiff's joinder of defendants was not egregious, the Court DENIES defendants' motion to sever and GRANTS plaintiff's motion to remand.

I.  **BACKGROUND**

This case arises out of losses sustained by plaintiff J.O.B. Investments due to a broken air conditioning unit. Plaintiff owns the Magnolia Ridge Apartment Homes in Metairie, Louisiana, which are cooled by an air conditioning system that requires regular

---

[1] R. Doc. 12.

[2] R. Doc. 3.

[3] R. Doc. 18.

maintenance and repair.[4] Plaintiff contracted with Gootee Services, LLC and Malkem International Corporation to maintain the unit.[5] Plaintiff alleges that defendants' faulty work resulted in the mechanical breakdown of the air conditioning system, which required extensive repairs and necessitated the rental of temporary cooling units.[6] Plaintiff's property was insured by Mount Hawley Insurance Company and Travelers Indemnity Company of America during the period in question.[7]

Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson on April 30, 2012.[8] Plaintiff asserts breach of contract and negligence claims against contractors Gootee and Malkem and bad faith claims against Mount Hawley and Travelers for their failure to timely adjust and pay plaintiff's insurance claims.[9] On August 16, 2012, Travelers removed the suit to federal court.[10] Although complete diversity as to all defendants is lacking since plaintiff and the contractors are

---

[4] R. Doc. 1-3 at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.* at 1.

[9] *Id.* at 2-4.

[10] R. Doc. 1.

2

Louisiana citizens for the purposes of diversity jurisdiction,[11] Travelers asserts that the contractors were improperly joined. Travelers filed a motion to sever plaintiff's claims against the insurance companies from the claims against the contractors,[12] which Mount Hawley joined.[13] Plaintiff opposes defendants' motion and has filed a motion to remand, contending that all defendants were properly joined and that because complete diversity does not exist, the Court lacks jurisdiction.[14] The parties do not dispute that the amount in controversy exceeds $75,000.

II.  **STANDARD**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno*

---

[11]  R. Doc. 1-3 at 1.

[12]  R. Doc. 3.

[13]  R. Doc. 18.

[14]  R. Doc. 12.

*v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.,* No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995). Although the Court must remand to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA,* Inc., 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). When a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332. But a defendant may remove by showing that the nondiverse party was joined fraudulently due to plaintiff's inability to establish a claim under state law against the nondiverse defendant or due to fraud in the pleading of jurisdictional facts. *See, e.g., Melder v. Allstate Corp.,* 404 F.3d 328, 329 (5th Cir. 2005) (noting that the Fifth Circuit "now refers to 'fraudulent joinder' as 'improper joinder'").

**III. DISCUSSION**

    *A.   Egregious Misjoinder*

Defendants do not allege that plaintiff cannot establish a

state claim against the contractors or that plaintiff fraudulently pleaded jurisdictional facts. Thus, whether joinder was improper in this case ultimately turns on the Fifth Circuit's recognition of a principle first established in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In *Tapscott,* the Eleventh Circuit recognized the possibility of a third type of fraudulent joinder in instances in which the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant and there is no joint, several or alternative liability. *See id.* Under *Tapscott,* only "egregious" misjoinder of parties with no real connection to each other, and not "mere" misjoinder, constitutes improper joinder under federal law. *Id.* at 1360.

Several Fifth Circuit cases indicate this circuit's approval of the *Tapscott* conception of fraudulent, or improper, joinder. In *In re Benjamin Moore & Co.,* 309 F.3d 296 (5th Cir. 2002), the Fifth Circuit stated that a district court in its jurisdictional determination should consider whether misjoinder of a nondiverse party can defeat diversity jurisdiction. *Id.* at 298 (citing *Tapscott,* 77 F.3d at 1360). In a later petition for a writ of mandamus in that case, the court held that it did not have jurisdiction to review the district court's conclusion as to misjoinder, but it stated that its decision did not "detract[ ]

from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction." *In re Benjamin Moore & Co.,* 318 F.3d 626, 630–31 (5th Cir. 2002).

More recently, the Fifth Circuit appeared to recognize the *Tapscott* principle in *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529 (5th Cir. 2006). There, the Fifth Circuit determined that federal jurisdiction over removed claims against a diverse defendant was proper, even though removal was precipitated by the state court's severance of these claims from plaintiff's claims against a nondiverse defendant over plaintiff's objection. *Id.* at 533. Plaintiff argued that the removal was improper because it was not based on the voluntary act of the plaintiff. The Fifth Circuit confirmed that dismissal of a fraudulently joined defendant was an exception to the voluntary-involuntary rule. *Id.* The court then held that even if the scenario before it did not satisfy the criteria for traditional fraudulent joinder *(i.e.,* fraud in the pleading of jurisdiction or inability to establish a cause of action against the in-state defendant), a like exception to the voluntary-involuntary rule applied to the improperly joined claims. The court stated, "The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That

salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly ... joined." *Id.* In reaching its conclusion, the court cited *Tapscott* by analogy. *Id.* at n. 5. Because the Fifth Circuit appears to have endorsed this principle and courts in the Eastern District of Louisiana have consistently applied *Tapscott*, the Court finds that defendants may argue that plaintiff's claims against its insurers and against the contractors have no real connection and thus are egregiously misjoined.[15] *See, e.g., Davis v. Cassidy*, No. 11-1563, 2011 WL 6180054, at *2-3 (E.D. La. Dec. 13, 2011) (applying *Tapscott*); *Hospitality Enters. Inc. v. Westchester Surplus Lines Ins. Co.,* No. 11-234, 2011 WL 1303954,

---

[15] It is worth noting that the Fifth and Eleventh Circuits appear to be the only circuit courts that have endorsed the *Tapscott* analysis, although district courts in other circuits have also done so. *See, e.g., Federal Ins. Co. v. Tyco Int'l Ltd.,* 422 F. Supp. 2d 357 (S.D.N.Y. 2006); *Asher v. Minn. Mining & Mfg. Co.,* 2005 WL 1593941 (E.D. Ky. June 30, 2005); *Lyons v. Lutheran Hosp. of Ind.,* 2004 WL 2272203 (S.D. Ind. Sept. 15, 2004). The doctrine is not without its detractors. Some district courts have described the *Tapscott* doctrine as unsupported by Supreme Court authority, contrary to the narrow construction to be given removal statutes, and productive of unnecessary confusion. *See, e.g., Bird v. Carteret Mortgage Group,* 2007 WL 43551, at *5 (S.D. Ohio Jan. 5, 2007); *Rutherford v. Merck & Co., Inc.,* 428 F. Supp. 2d 842, 851-52 (S.D. Ill. 2006); *Osborn v. Metropolitan Life Ins. Co.,* 341 F. Supp. 2d 1123, 1128 (E.D. Cal. 2004); *see also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3723 at 658 (2006) (describing this third type of improper joinder as adding "a further level of complexity-and additional litigation-to a federal court's decision regarding removal jurisdiction"). In particular, courts have questioned whether *Tapscott's* distinction between mere misjoinder and egregious misjoinder might be so subjective as to be unworkable. *See Rutherford,* 428 F. Supp. 2d at 852-53.

at *2-3 (E.D. La. March 31, 2011) (same); *Turner v. Murphy Oil USA, Inc.,* No. 05-4206, 2007 WL 2407310, at *5 (E.D. La. Aug. 20, 2007) (same).

*B. Joinder Under Louisiana Law*

In determining whether joinder in this case was egregious, the Court must first decide whether federal or state joinder rules apply in a *Tapscott* analysis. Louisiana federal courts have not been of one mind on the issue,[16] but this Court has determined that state joinder law should govern its analysis, since plaintiffs must follow state joinder rules in bringing their claims, and fraudulent joinder analysis requires federal courts to look at the substantive law of the state in which the action was brought to determine whether plaintiffs can state a claim. *See Davis*, 2011 WL 6180054, at *3; *Accardo v. LaFayette Ins. Co.,* No. 06-8568, 2007 WL 325368, at *4 (E.D. La. 2007).

As defined in the Louisiana Code of Civil Procedure, "[c]umulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants." *La. Code Civ. Proc. Ann.* art. 461. Article 463

---

[16] *Compare Hospitality Enters. Inc.,* 2011 WL 1303954, at *2 (applying state joinder laws) *and Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165, at *1-2 (E.D. La. Aug. 30, 2006) (applying federal joinder rules) *and Bienemy v. Cont'l Cas. Co. B.A.H., Express, Inc.*, No. 09-6647, 2010 WL 375213, at *5 (E.D. La. Jan. 26, 2010) (finding it unnecessary to determine whether state or federal joinder rules apply).

provides the applicable rule governing joinder in this case. It states that parties may be joined in the same suit if (1) there is a community of interest between the joined parties, (2) the cumulated actions are within the court's jurisdiction and venue is properly laid, and (3) the actions are mutually consistent and employ the same form of procedure. *La. Code Civ. Proc. Ann.* art. 463.

Of these factors, defendants contest only the existence of a community of interest among the four defendants. The Louisiana Supreme Court has defined "community of interest" as "the parties' causes of actions (or defenses) 'arising out of the same facts, or presenting the same factual and legal issues.'" *Stevens v. Bd. of Trustees of Police Pension Fund of City of Shreveport*, 309 So.2d 144, 147 (La. 1975). The Louisiana Fourth Circuit Court of Appeal has stated that a "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Mauberret-Lavie v. Lavie,* 850 So.2d 1, 2 (La. App. Ct. 2003), *writ denied,* 861 So.2d 569 (La. 2003).

Here, the Court finds that there is sufficient factual overlap between plaintiff's claims against the contractors and its claims against Travelers and Mount Hawley for common sense to suggest that the claims be litigated together. It is true that plaintiff's claims against the contractors and the insurers are

legally distinct, since plaintiff executed separate contracts with the contractors and with the insurers, and the insurers are not responsible for the conduct of the contractors. But unlike other cases in which courts held that claims against contractors lacked a community of interest with a property owner's claims against its insurers, here, the contractors allegedly caused the damage, rather than having been hired to repair the damage after it occurred. *Cf. Milliet v. Liberty Mut. Ins. Co.*, No. 07-7443, 2008 WL 147821, at *3 (E.D. La. Jan. 11, 2008) (claims against insurers for hurricane damage and claims against contractors performing post-hurricane repairs were only tangentially related and thus egregiously misjoined); *Savoie v. Safeco Ins. Co. of America*, No. 06-7808, 2007 WL 675304, at *1-2 (E.D. La. Feb. 27, 2007) (because claims against contractor concerned repairs that occurred months after the hurricane that produced the damage for which insurance coverage was sought, claims did not involve common questions of law or fact).

Indeed, plaintiff's claims against defendants concern not just the same property, but the specific causes of the air conditioning unit's malfunction. Plaintiff asserts that the contractors failed to maintain the unit under the terms of their contracts and were negligent in their workmanship. Travelers and Mount Hawley contend in their answers that they had no obligation to provide coverage to plaintiff because both insurance policies

10

contained exclusions for "corrosion".[17] Travelers' policy states in its exclusions section, "We will not pay for loss or damage caused directly or indirectly by any of the following . . . depletion, deterioration, corrosion, erosion, decay, wear and tear or rust."[18] Similarly, Mount Hawley's "Causes of Loss" form excludes "loss or damage caused by or resulting from any of the following: . . . [r]ust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself".[19]

Defendants contend that the pertinent conduct with regard to plaintiff's insurance claims occurred after the unit's breakdown, unlike the claims against the contractors which focus on the contractors' actions before the malfunction. Yet, such an argument ignores the extent to which the insurers' policy exclusions concern the state of the air conditioning unit before its breakdown. Defendants cannot merely put forth evidence that the air conditioning unit was corroded; rather the policy exclusions are triggered only if the corrosion caused the damage, whether directly or indirectly. *See, e.g., Cent. Louisiana Elec. Co., Inc. v. Westinghouse Elec. Corp.*, 569 So. 2d 120, 122 (La.

---

[17]   R. Doc. 8 at 7-8; R. Doc. 14 at 3-4.

[18]   R. Doc. 8 at 7-8.

[19]   R. Doc. 14 at 3-4. Mount Hawley asserts an additional defense based on similar language excluding corrosion in its "Equipment Breakdown Coverage Endorsement Form". *See id.* at 4-5.

Ct. App. 1990), *aff'd*, 579 So. 2d 981 (La. 1991) (determination of whether corrosion exclusion in policy applied required examination of the causes of the equipment's malfunction).

Moreover, Mount Hawley's answer asserts as additional defenses that plaintiff failed to mitigate its damages, that the damages may have been pre-existing, and that any damages against Mount Hawley should be apportioned to reflect the fault of plaintiff and other tortfeasors.[20] These defenses rely on many of the facts at issue in plaintiff's claims against the contractors, as well as the outcome of those claims. *See Hospitality Enters. Inc.*, 2011 WL 1303954, at *4-5 (considering the insurer's defenses based on policy exclusions and defenses that implicate the actions and liability of other defendants in determining that community of interest existed).

Accordingly, a central issue in plaintiff's claims against the contractors and the insurers is the cause of the air conditioning unit's malfunction, as this factual determination will inform the assessment of whether exclusions in Travelers' and Mount Hawley's policies bar coverage of the plaintiff's damages and whether the contractors were negligent or breached the terms of their contracts with plaintiff. In *Murphy Construction Company v. St. Bernard Parish*, this Court confronted a similar issue in determining whether a plaintiff's claims were

---

[20] R. Doc. 14 at 2-3.

improperly joined. No. 7614, 2007 WL 442231, at *4 (E.D. La. Feb. 6, 2007). The plaintiff claimed that St. Bernard Parish demanded the use of its Caterpillar machines, promised to assume liability for any damage, and then failed to return the equipment, which was eventually found damaged. *Id*. at *1. Plaintiff filed suit against St. Bernard and plaintiff's insurer, which refused to cover the damage on the grounds that its policy excluded property loaned to others. *Id.* at *4.  The Court found that although the legal nature of plaintiff's claims against defendants was different, both claims arose out of the same set of facts, namely the way in which St. Bernard used the equipment. *Id.* Here, the Court draws a similar conclusion based on the factual overlap of the claims against the contractors and against plaintiff's insurers.

During oral argument, defendants relied heavily on the Eastern District case, *Berthelot v. Boh Brothers Construction, LLC,* in which the court held that claims against tortfeasors and plaintiffs' insurers were distinct, because fault was irrelevant in determining insurance coverage. No. 05-4182, 2006 WL 1984661, at *11 (E.D. La. June 1, 2006). The case concerned the failure of a floodwall following Hurricane Katrina. It is distinguishable from the present dispute by its complexity, which necessitated the separation of claims that shared only a narrow factual basis, and the court's determination that the claims against the insurer

defendants rested on contract interpretation. *Id.* at *12. Here, the dispute is over whether corrosion played a role in the malfunction of the air conditioning unit. Therefore, although defendants assert that fault will play no role in whether the insurance policies apply, the claims against the insurers depend on factual issues that are also present in plaintiff's claims of negligence and breach of contract against the contractors. Further, Mount Hawley's other defenses suggest that issues of fault, specifically the liability of the contractors and plaintiff's contribution to or failure to mitigate damage, may in fact affect the insurers' duty to provide coverage. *See*, *e.g.*, *Hospitality Enters. Inc.*, 2011 WL 1303954, at *5.

Thus, although the legal nature of the claims is different, the overlap of significant factual questions suggests that plaintiff's claims against the contractors and the insurance companies are related. Joinder of these claims does not constitute egregious misjoinder under Louisiana joinder rules. *See Bright v. No Cuts Inc.*, No. 03-640, 2003 WL 22434232, at *9 (E.D. La. Oct. 27, 2003)(noting that even if claims were improperly cumulated under Louisiana law, mere misjoinder, rather than fraudulent misjoinder, is more properly addressed in state court). Because the Court may not disregard the nondiverse citizenship of contractors Gootee and Malken, complete diversity does not exist, and the Court may not exercise jurisdiction over

plaintiff's claims or sever the claims against the insurers and the contractors.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand and DENIES defendants' motion to sever plaintiff's claims.

New Orleans, Louisiana, this 10th day of December, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE